# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MIGUEL HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> IENERGIZER, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:23-cv-00848 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MIGUEL HERNANDEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of IENERGIZER, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and under the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

5. Plaintiff is a consumer over 18 years of age, residing in Staten Island, New York.

6. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of New York. Defendant is a corporation organized and existing under the laws of the state of Texas with its principal place of business located at 17304 Preston Road, Suite 250, Dallas, Texas 75252.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of the nature of Defendant's attempts to collect on a purported defaulted debt ("subject consumer debt") that Plaintiff does not owe.

9. Prior to the conduct giving rise to these claims, Plaintiff obtained a credit account ("subject consumer debt") from Credit One bank ("COB") for personal, family, and household purposes.

10. In or about March of 2022, Plaintiff applied for a credit card from COB, which was approved.

11. After receiving confirmation from COB that a physical card was being sent to him, Plaintiff received a statement for the subject consumer debt which had a balance, but Plaintiff never received the promised card.

12. Plaintiff disputed the balance of the subject consumer debt and was promised another card, which he also never received. Plaintiff was eventually issued a credit for the balance.

13. After being promised a second card from COB, Plaintiff received another statement for the subject consumer debt reflecting a balance even higher than the first.

14. Plaintiff again called COB and disputed the debt. Plaintiff stated that he was not going to pay for fees for credit cards he never received and for charges that he did not make, and further requested that the account be closed, which was done and confirmed. Plaintiff communicated to COB that he never received any cards, does not owe any balance on an account that he was never able to use, and that COB should not call him.

15. COB further communicated that it will fix the issue of the account having a balance and remove it off of his credit report, the latter of which was eventually done.

16. Nevertheless, in approximately early 2022, Plaintiff began receiving collection calls to his cellular phone, (347) XXX-4444, from Defendant, seeking payment for the subject consumer debt.

17. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -4444. Plaintiff is and always has been financially responsible for the cellular phone and its services.

18. On such calls, Defendant identified itself as COB.

19. Based on further information and belief, Defendant deceptively used false area codes for the numbers it called Plaintiff from.

20. Upon answering a call from Defendant, Plaintiff explained his the situation and that he does not owe the subject consumer debt and further demanded that Defendant cease in calling him.

21. However, Defendant disregarded Plaintiff's demand and continued placing calls to his cellular phone essentially every day, and often numerous times a day.

22. Plaintiff has repeatedly demanded that Defendant cease in calling him, but to no avail.

23. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

24. Plaintiff has received dozens of calls from Defendant despite his repeated demands that the calls cease.

25. In all of its contacts to Plaintiff, Defendant never identified itself as a debt collector, nor did it give Plaintiff any debt collector disclosures, as required by law.

26. In response to the harassing phone calls and Defendant not honoring his requests for the calls to cease, Plaintiff initiated arbitration proceedings against COB. During such proceedings, COB disclosed that it hired Defendant to collect upon the subject consumer debt from Plaintiff and that it was Defendant, and not COB, that placed some of the collection calls to Plaintiff that are at issue.

27. In total, Defendant placed dozens of harassing collection calls to Plaintiff, on behalf of COB, after Plaintiff requested that the collection calls cease. Based on information and belief, all such calls originated from Defendant's principal place of business.

28. To date, Plaintiff has not received any written communication from Defendant.

29. Frustrated over Defendant' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

30. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, anxiety, emotional distress, increased blood pressure, and numerous violations of his federal and state-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

34. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

36. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C. § 1692d & 12 C.F.R. § 1006.14

37. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39. 15 U.S.C. § 1692d(6) further prohibits debt collectors from placing telephone calls "without meaningful disclosure of the caller's identity."

40. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary

thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

41. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

42. Defendant violated §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

43. Moreover, Defendant violated § 1692d(6) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name.

    b. **Violations of 15 U.S.C. § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10);
>
> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . ." 15 U.S.C. § 1692e(11); and
>
> "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling him. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debt through undue and deceptive means.

35. Further, Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe. Defendant was made aware that Plaintiff did not owe the subject consumer debt, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiff. Defendant's efforts in the face of the information

provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which he did not owe.

36. Moreover, Defendant violated §§ 1692e, 1692e(10), and 1692e(11) through its failure to provide the requisite disclosures as a debt collector and its efforts to hide its true identity under the false guise of COB. Despite the applicability of the FDCPA to Defendant's collection practices, it has woefully failed to comply with the disclosure and informational requirements of the FDCPA.

37. Also, Defendant violated §§ 1692e, 1692e(10), and 1692e(14) by falsely identifying itself as COB.

### c. Violations of 15 U.S.C. § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

37. Further, Defendant violated § 1692f by failing to identify itself as a debt collector.

38. Moreover, Defendant violated § 1692f by failing to give any of the disclosures that debts collectors are required to give consumers.

### d. Violations of 15 U.S.C. § 1692g

39. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides the extent of written information and disclosures that debt collectors are required to provide to consumers within five days of first communicating with such consumers.

44. Defendant violated § 1692g(a) through its complete failure to provide Plaintiff the requisite disclosures and information despite the requirement that they do so.

WHEREFORE, Plaintiff, MIGUEL HERNANDEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

47. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

48. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.302**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

9

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

50. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling his cellular phone. Claims under the TDCA are treated similarly as claims under the FDCPA and, as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

      b. **Violations of TDCA § 392.304**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

52. Defendant violated § 392.304(19) of the TDCA by deceptively seeking payment from Plaintiff by continued communications with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted by way of demanding that they cease in calling him. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debt through undue and deceptive means.

53. Further, Defendant violated § 392.304(19) of the TDCA through its failure to provide the requisite disclosures as a debt collector and its efforts to hide its true identity under the false guise of COB.

54. Moreover, Defendant violated § 392.304(19) of the TDCA by falsely identifying itself as COB..

WHEREFORE, Plaintiff, MIGUEL HERNANDEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated:  April 21, 2023

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com